Scott, J.
The question is, whether the words charged to have been spoken by the defendant in this case are actionable in themselves, without alleging special damages. They are not alleged to have been spoken in reference to the trade or profession of the plaintiff, and, if actionable, it must be because they impute criminality to the plaintiff. In regard to slander of this character, the general rule of the common law is, that in case the charge, if true, would subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be, in themselves, actionable, and otherwise not. 1 Hilliard on Torts, 245, sec. 1; Brooker v. Coffin, 5 Johns. 188; Watson v. Trask, 6 Ohio (per Wright, J.), 531; Dial v. Holter, 6 Ohio St. 228.
It is said by Starkie to be clearly established, that “ no charge upon the plaintiff, however foul, will be actionable, without special damage, unless it be of an offense punishable in a temporal court of criminal jurisdiction.” 1 Starkie on Slander 21.
As it is not jeopardy of punishment, but injury to reputation, which constitutes the ground of the action of slander, it is probable, though we have no common-law crimes in Ohio, that words im *224 porting a charge of great moral turpitude, and which at common law would subject the guilty party to infamous punishment, though not embraced in our criminal code, would be held actionable, perse, in this state.
The only innovation upon this common-law rule which has beenMtherto made in this state, is in regard to the slander of a female. Words charging a woman with a want of chastity, or which have a tendency to wound her feelings, bring *her into contempt, and prevent her from occupying such position in society as is her Tight as a woman, are actionable in themselves. Sexton v. Todd, Wright, 316; Malone v. Stewart, 15 Ohio, 319. But this exception has never been extended to the other sex, where the words were of a similar character. Wilson v. Robbins, Wright, 40. And we feel neither disposed nor authorized to extend the innovation.
Applying this rule to the present case, the words charged are clearly not actionable in themselves. For, though they charge the plaintiff with gross dishonesty, for which, if true, he would be liable to a civil action at the suit of the defendant, yet they do not import a charge of burglary, larceny, or any other crime made jmnishable as such, either by statute or at common law. The petition shows that the ownership and possession of the storehouse broken into, and of the goods abstracted, were in both the parties-to this action, as partners. An entering of the house, under these circumstances, by one of the partners, or by other persons with Ms permission, would not be burglary; nor could the taking and. carrying away of the goods by either partner, or by others with Ms consent and assistance, be a larceny.
The demurrer to' the petition was properly sustained, and the-judgment of the court below must be affirmed.
Hat, C. J., and White, Welch, and Brinkerhoee, JX, concurred-